UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BUD GASKIN,

Plaintiff,

v.  6:11-cv-28

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

## ORDER

### I. INTRODUCTION

The Court considers Plaintiff Bud Gaskin's Application for Attorneys' Fees under the Equal Access to Justice Act ("EAJA"). He seeks both legal fees and expenses incurred during his successful Social Security benefits challenge. Because Plaintiff is statutorily entitled to these fees, the Court **GRANTS** his motion. The Court calculates his legal fees at a rate of $165.00 per hour and awards him $6,621.60.

### II. PROCEDURAL BACKGROUND[1]

In March, 2011, Plaintiff sought this Court's review of the Social Security Commissioner's decision to deny him disability benefits. ECF No. 1 at 1. The Magistrate Judge considered Plaintiff's arguments and recommended that the Court affirm the denial, which it did. ECF Nos. 12; 16. Plaintiff subsequently appealed. ECF No. 18. On August 14, 2013, the Eleventh Circuit vacated this Court's judgment and remanded to this Court with instructions to send the case back to the Administrative Law Judge ("ALJ") for reconsideration. ECF No. 23 at 5-6.

Gaskin timely moved for fees and expenses under the EAJA. ECF No. 27. He requests $6,662.50 in legal fees and $1,259.10 in expenses.

### III. ANALYSIS
#### A. Application of Equal Access to Justice Act

The EAJA provides legal fees to civil litigants who win suits against the United States, unless the United States proves that it was substantially justified in its maintenance of the case. *See* 28 U.S.C. § 2412(d)(1)(A). Such fees may cover work directly related to investigation of and framing of a civil action, *see McGuire v. Sullivan*, 723 F. Supp. 1506, 1508-10 (N.D. Ga. 1989), work done in the federal courts or the administrative context, *Shalala v. Schaefer*, 509 U.S. 292, 298 (1993), and for work preparing the EAJA motions themselves, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990).

To award EAJA damages, the Court must find three things: (1) that the plaintiff prevailed in his suit against the government; (2) that the government's position was not substantially justified; and (3) that there are no circumstances that make an award against the government unjust. *Jean v. Nelson*, 863 F.2d 759, 765 (11th Cir. 1988).

Here, the Plaintiff was the prevailing party. A party who secures remand under "sentence four" of 42 U.S.C. § 405(g) "prevails" for EAJA purposes. *Shalala*, 509

---

[1] For the substantive facts underlying Plaintiff's claims, *see* ECF No. 23 at 2-3.

U.S. at 296-97. When the Eleventh Circuit directed this Court to remand Plaintiff's case to the ALJ and this Court complied, he became a prevailing party under EAJA.

Plaintiff also argues that the position of the United States was not substantially justified.[2] Although the United States bears the burden of showing that its arguments had "reasonable basis in law and fact," *Pierce v. Underwood*, 487 U.S. 552, 565 n.2 (1988), Plaintiff advances several affirmative arguments that they did not. He notes that the ALJ did not "clearly articulate the reasons for giving less weight" to a treating physician's opinion. ECF No. 27 at 7 (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). He further highlights the Eleventh Circuit's requirement that when a vocational expert testifies in the form of a hypothetical, she must include all of the claimant's limitations in that hypothetical. ECF No. 27 at 7 (quoting *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007)).

Here, the ALJ disregarded these established principles of law. *See* ECF No. 23 at 4-6. And the ALJ's actions are a part of the "position of the United States." 28 U.S.C. § 2412(d)(2)(D). The United States bears the burden of explaining why these actions were substantially justified and has not. Further, the Court is satisfied that when the United States dismissed established precedents during the initial administrative proceedings and defended its position as the case proceeded to the Eleventh Circuit, it was not substantially justified. *Cf. United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (finding no substantial justification when government ignored established pleading requirement to show discriminatory action in voting rights context).

Finally, the Court is unaware of circumstances that would render this EAJA award unjust. Courts have found such circumstances where, for example, the plaintiff's own negligence resulted in an unnecessarily prolonged legal process. *See Webb v. Astrue*, 525 F. Supp. 2d 1329, 1333-34 (N.D. Ga. 2007). Because the record reflects no wrongdoing or gamesmanship on the part of Plaintiff, the third factor will not disqualify his recovery.

Plaintiff is therefore entitled to fees and expenses under EAJA.

## B. Fee Calculations

Plaintiff has requested both legal fees and expenses. He seeks recompense for 32.5 hours of legal work and has attached both his attorney's affidavit, ECF No. 27-1 at 1-2, and a detailed breakdown of his attorney's billed hours, all of which represent work compensable under the EAJA. *Id.* at 3. The Court therefore finds 32.5 hours to be a proper and reasonable time figure for calculating EAJA damages.

Plaintiff requests that the Court compensate this billed time at a rate of $205.00 per hour. *Id.* at 8-9. While the EAJA generally awards attorneys' fees at a rate of $125.00 per hour, § 2412(d)(2)(A) permits the Court to set a higher rate because of an "increase in the cost of living . . . ." Plaintiff argues that because the CPI

---

[2] The United States did not reply or respond to the Application for Attorneys' Fees.

2

for urban southern areas has risen from 152.4, when the EAJA rate was most recently amended, to 227.837, when this Court entered its opinion, the functional EAJA rate should be $208.61 per hour. He requests a rate very near that figure.

First, the Court disagrees with Mr. Gaskin's calculations.[3] But more fundamentally, CPI figures alone do not dictate EAJA analysis.

> The first step in the analysis ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992) (internal citations and page numbers omitted).

Here, the Court does find that it is appropriate to deviate upward from EAJA's $125.00 per hour base rate to account for an increase in the cost of living since 1996. *See, e.g.*, *Rutledge v. Sullivan*, 745 F. Supp. 715, 717 (S.D. Ga. 1990). But it also finds $165.00 per hour is a more reasonable rate and is more in line with the standards of the Savannah market. The Court has discretion in this matter because the "court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience . . . ." *Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) (internal quotations omitted). An award of $165.00 per hour adequately compensates Mr. Gaskin under EAJA.

## IV. CONCLUSION

Mr. Gaskin has demonstrated his entitlement to $5,362.50 in legal fees and $1,259.10 in expenses. *See* ECF No. 27-1 at 4. The Court ***GRANTS*** his Application for Attorneys' Fees in the amount of $6,621.60.

This 5 day of February 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] When Congress established the EAJA's $125.00 per hour base rate in March 1996, the CPI stood at 152.4. ECF No. 27-3. By August 2013, that figure had increased to 227.837. *Id.* Plaintiff contends that the second figure represents a 68.89% increase in the CPI. ECF No. 27 at 9. The Court, however, calculates that percent increase to be 49.5%. Therefore, the CPI-adjusted EAJA rate would be $186.86 per hour.